UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LARRY MCGHEE,

        Plaintiff,

v.

UNKNOWN PARTY,

        Defendant.

_____/

Case No. 2:19-cv-65

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint or failure to state a claim.

## Discussion

    I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe,

Michigan. Plaintiff sues an unknown nurse who was working at URF at 5:25 a.m. on March 17, 2018. Plaintiff alleges that, on that date and at that time, two corrections officers found him lying on the floor, unresponsive and shaking, breathing heavily, and foaming at the mouth. The officers contacted the third-shift nurse. She directed the officers to bring Plaintiff to her. They did not do so, and she did not go to Plaintiff to provide treatment. Instead, when the shift changed at 6:00 a.m., the first-shift nurse provided treatment. Plaintiff alleges that, at that time, he was rushed to a hospital emergency room where he "was hospitalized for several hours." (Compl., ECF No. 1, PageID.4.)

Plaintiff seeks $900,000.00 in compensatory and punitive damages for Defendant's role in delaying his treatment.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that it is the normal practice of health care personnel to respond to the housing units when there is an emergency. He contends that Defendant violated the Equal Protection Clause of the Fourteenth Amendment when she failed to follow that practice, a practice that is applied to other prisoners similarly situated. Plaintiff also claims that Defendant was deliberately indifferent to Plaintiff's serious medical needs when she would not provide treatment in the housing unit, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. Finally, Plaintiff argues that Defendant intentionally inflicted emotional and mental stress on him, giving rise to a state common-law tort, when she left Plaintiff feeling helpless, not knowing whether he would die.

III. <u>Eighth Amendment</u>

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004).

Plaintiff never explains the nature of his medical need beyond the symptoms he experienced at 5:25 a.m. that morning. It is not clear whether those symptoms were brought on by injury or illness. For purposes of this analysis, however, the Court will accept that the symptoms described evidence an obvious need for medical care.

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than

4

acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations fall short with respect to the subjective component. Plaintiff does not allege facts demonstrating that Defendant refused to treat him. To the contrary, Plaintiff alleges that Defendant immediately instructed the corrections officers to bring Plaintiff to her for treatment. The officers did not do so. Defendant's words and actions, as alleged by Plaintiff, do not evidence a disregard of Plaintiff's serious medical need.

Plaintiff claims that it is the MDOC's practice to provide emergency treatment in the housing units and that Defendant failed to follow that practice. A claim that a nurse failed to follow the appropriate standard of care, without more, is a state-law negligence claim. *Cox ex rel. Cox v. Board of Hosp. Managers for City of Flint*, 651 N.W.2d 356, 366-67 (Mich. 2002). Deliberate indifference requires more than that. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent . . . does not state a valid claim . . . under the Eighth Amendment."); *see also Flanory v. Bonn*, 604 F. 3d 249, 254 (6th Cir. 2010) ("Deliberate indifference 'entails something more than mere negligence.'"); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) ("[T]he deliberate indifference standard 'describes a state of mind more blameworthy than negligence . . . .'"); *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) ("Deliberate indifference is a higher standard than negligence . . . ."). Even a showing of gross negligence will not suffice to show deliberate indifference. *See, e.g., Broyles v. Correctional Medical Services, Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) ("To satisfy the subjective component, the defendant must possess a 'sufficiently culpable state of mind,' rising above

5

negligence or even gross negligence and being 'tantamount to intent to punish.'"). Accordingly, Plaintiff's allegation that Defendant did not follow standard MDOC practice when she directed the officers to bring Plaintiff to her also fails to demonstrate deliberate indifference.

IV. Equal Protection

The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). Plaintiff alleges that Defendant denied him equal protection when she treated him differently than others similarly situated without any rational basis for the difference—a "class of one" equal protection claim.

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). Plaintiff alleges disparate treatment here, but his allegations are conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant respects . . . ." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011); *see also Paterek v. Vill. of Armada*, 801 F.3d 630, 650

6

(6th Cir. 2015) ("'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'"); *Tree of Life Christian Schools v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) ("A plaintiff brining an equal protection claim must be 'similarly situated' to a comparator in 'all relevant respects.'"). Plaintiff claims that MDOC practice calls for emergency treatment to occur in the housing units so other similarly situated prisoners must have been treated differently; but, he does not identify a single such prisoner. *Bertovich v. Vill. of Valley View*, 431 F. App'x 455, 458 (6th Cir. 2011) (Court affirmed dismissal of "class of one" equal protection claims where Plaintiff "[did] not point to any individual who was treated differently . . . ."); *see also Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 575 (6th Cir. 2008) ("Although the plaintiffs claim that they have been treated differently from other individuals seeking rezoning, they fail to allege any specific examples of *similarly situated* individuals . . . ."); *Sanders v. City of Hodgenville*, 323 F. Supp. 3d 904, 911 (W.D. Ky. 2018) ("Sander's class-of-one claim fails as a matter of law . . . Sanders fails to identify any similarly situated individual who was treated differently.").

Plaintiff also fails to allege that those who were treated differently were similarly situated in all relevant respects. *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (To be a similarly-situated person, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it.'") (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)); *Project Reflect, Inc. v. Metropolitan Nashville Bd. of Public Educ.*, 947 F. Supp. 2d 868, 881 (M.D. Tenn. 2013) (""Plaintiffs . . . fail to plead the existence of a similarly situated comparator . . . [therefore,] the Complaint does not contain

7

sufficient factual matter to state a plausible claim."). Therefore, Plaintiff has failed to state a claim for violation of his equal protection rights.

V.  Intentional Infliction of Emotional Distress and Negligence

Plaintiff's claims for negligence and intentional infliction of emotional distress are state-law claims. *See, e.g., Wilson v. Beebe,* 770 F.2d 578 (6th Cir. 1985) (negligence); *Smith v. City of Inkster*, 644 F. App'x 602, 606 (6th Cir. 2016) (intentional infliction of emotional distress). "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Accordingly, Plaintiff's state-law tort claims will be dismissed without prejudice.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint alleging that Defendant violated his constitutional rights will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). With respect to Plaintiff's state-law tort claims, the Court declines to exercise jurisdiction over them and will dismiss them without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: April 17, 2019  /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE